IN THE SUPERIOR COURT OF GUAM

2013 MAR 19 PM 3: 48

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | ) ) ) | Civil Case No. CV1465-06 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| CYFRED, LTD. KINI B. SANANAP and IOWANA M. SANANAP, | ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) ) | Decision & Order Counterclaim Defendant's Motion for Summary Judgment |
| KINI B. SANANAP and IOWANA M. SANANAP, | ) ) ) | |
| Counterclaimant, | ) ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | ) ) ) ) | |
| Counterclaim Defendant. | ) ) | |
| _____ | ) | |

This matter came before the Court on the motion of National Union for summary judgment in its favor on the First Count of the Sananaps' Additional Counterclaims. The motion was filed October 4, 2012. The Sananaps opposed the motion and National Union replied. The motion was heard on December 19, 2012. The Court concludes the motion must be GRANTED.

FACTS

The First Count of the Additional Counterclaim states: "On November 13, 2007, National Union and the Sananaps agreed to settle various claims of the Sananaps, many of which are the subject of this case, for its payment to the Sananaps of $75,000; . . . ." Defendants Kini B.

1

Sananap and Iowana M. Sananap's Additional Counterclaims ¶ 3, at 2 ("Additional Counterclaims"). Attached to the Additional Counterclaim is a five-page, single-spaced letter "describ[ing] that settlement in more detail." *Id.* Ex. "A".

The transaction centered on November 13, 2007, is uncontested. On July 27, 2007, Mr. Yanza, representing National Union, wrote Mr. Wong, representing the Plaintiffs in Civil Action No. CV1448-02 entitled *Kini B. Sananap, et al. v. Cyfred LTD., et al.* There is no dispute about the text of the July 27, 2007 letter. The case involved Cyfred's alleged failure to provide power and water and other utilities for the subdivision it had developed. Cyfred sold lots in the subdivision to the Plaintiffs. The Plaintiffs are "Kini B. Sananap, Iowana M. Sananap and The 40 Lot Owners (of 33 Lots) listed on Exhibit '1'". Mr. Wong represents all plaintiffs in that case.

On November 13, 2007, Mr. Yanza told Mr. Wong that, "[H]is clients' $75,000.00 settlement offer was conditionally agreed to by NATIONAL UNION. The condition was that I would still need to speak with Cyfred, Ltd. on this issue to finalize the terms of the settlement. Mr. Wong agreed." Declaration of Louie J. Yanza in Support of Plaintiff's Opposition to Defendants Kini B. Sananap and Iowana M. Sananap's Motion for Leave to File Additional Counterclaims, ¶ 10, Nov. 15, 2010.

On November 14, 2007, at 8:06 a.m., Mr. Wong emailed Mr. Yanza, "This email will confirm that we have reached a settlement under the terms and conditions set forth in your July 27, 2007 letter to me with the one change that the amount of the settlement is $75,000 and not the $50,000 initially offered. Please confirm from your side this settlement. I will work with attorney Van de veld and attorney Mantanona to advise the Court in the Sananap v. Cyfred case of such settlement, but I would first appreciate your confirmation by email." *Id.* ¶ 11, Ex. "4".

2

On November 14, 2007, at 3:25 p.m., Mr. Yanza faxed Mr. Wong: "After my conversation with Mr. Curtis Van de veld, attorney for Cyfred, Ltd., and our conversation thereafter, I hereby advise you there is no settlement agreement with National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and the Sananaps. The reason the insurer was willing to enter into a settlement is the cost of going forward and continuing in the Sananaps' case. You did not disclose to me your intent to re-litigate the emotional distress claims of the 33 other plaintiffs, as you have filed a motion to reconsider their emotional distress claims." *Id.* ¶19, Ex. "6".

National Union contends that there is no agreement as the counterclaim asserts; Mr. and Mrs. Sananap contend that the agreement was with them alone, not with all Plaintiffs as National Union contends.

## LAW AND REASONING

National Union's burden is to "show that there is no genuine issue as to any material fact and that [National Union] is entitled to a judgment as a matter of law." Guam R. Civ. P. 56(c).

The following provisions govern the determination of the motion. The consent must be free, mutual and communicated by each to the other. 18 G.C.A. § 85301. "Consent is not mutual, unless the parties all agree upon the same thing in the same sense." 18 G.C.A. § 85316. "It is hornbook law that to ensure mutual consent of the parties to an offer, an offer must be mirrored by its acceptance . . . ." *Blas v. Cruz*, 2009 Guam 12 ¶ 19.

National Union's July 27, 2007 offer was conditional. More specifically, on November 13, 2007, Mr. Yanza told Mr. Wong, "The condition was that I would still need to speak with Cyfred, Ltd. on this issue to finalize the terms of the settlement." At 3:25 p.m., on November, 14, 2007, Mr. Yanza advised Mr. Wong that he had conferred with Cyfred's lawyer, and as a

3

result declared that there was no agreement. Further, when Mr. Wong emailed Mr. Yanza on the morning of November 14, 2007, he, too, made a conditional acceptance of the conditional offer. He said, "Please confirm from your side this settlement." As a result, there was no agreement.

The Sananaps' burden to defeat the motion "was to set forth specific facts showing that there is a genuine issue for trial." GRCP 56(e). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The Sananaps have made no such showing. The support the Sananaps offer is letters from Mr. Yanza to them dated July 30 and October 24, 2007. Each of the letters contains the reservation that the letters are protected by Rule 408 of the Guam Rules of Evidence. The Court concludes that the Sananaps are attempting to use the letters to establish National Union's liability to them, which is prohibited by Rule 408. As such, the letters are inadmissible.

Therefore, the Court concludes that no agreement to settle was made. This being so, the issue raised by the Sananaps as to whether the July 27, 2007 offer applied to all Plaintiffs or only Mr. and Mrs. Sananap is moot.

## CONCLUSION

The Court holds that the Motion for Summary Judgment is granted and that judgment be entered in National Union's favor.

March 1 7, 2013.

I hereby certify that the foregoing all true and correct copy of the that on file in the office of the the Superior Court of Guam [illegible] Guam.

MAR 1 5 2012



Joseph Bamba [illegible] Court of Guam

Richard H. Benson
Judge, *pro tempore*, Superior Court of Guam

4